E-FILED
Thursday, 22 April, 2021  12:49:56 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-cr-30063** |
| | ) | |
| **JUSTIN STAAKE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Justin Staake's pro se (d/e 75) and amended motion for compassionate release (d/e 82) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the motions are DENIED.

## I. BACKGROUND

On November 20, 2018, Defendant pled guilty to Counts 1 and 2 of the Superseding Indictment.  See Minute Entry dated November 20, 2018.  Counts 1 and 2 charged Defendant with distributing 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A).  See Superseding

Indictment, d/e 15.  On November 1, 2019, Defendant was sentenced to 180 months' imprisonment on Counts 1 and 2 of the Superseding Indictment to run concurrently and 10 years of supervised release on both counts to run concurrently.  See Judgment, d/e 69.

Defendant is currently incarcerated at FCI Pekin and has a projected release date of June 25, 2030.  As of April 21, 2021, the Bureau of Prisons (BOP) reports that FCI Pekin currently has no inmates and 12 staff members with active cases of COVID-19.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed April 21, 2021).

On March 19, 2021, Defendant filed a pro se motion for compassionate release (d/e 75) pursuant to 18 U.S.C. § 3582(c)(1)(A).  On April 12, 2021, following the appointment of defense counsel to represent Defendant, an amended motion for compassionate release (d/e 82) was filed.  Defendant seeks compassionate release based on his health conditions and the COVID-19 pandemic.

On April 14, 2021, the Government filed a response objecting to Defendant's motion for compassionate release.  See d/e 83.  The

Government argues that Defendant is not entitled to compassionate release because a reconsideration of the 18 U.S.C. §3553(a) factors do not warrant a reduction.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion on the inmate's behalf or waiting 30 days from when the inmate's request

was received by the BOP, whichever is earlier.  The statute now

provides as follows:

> The court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the
> defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30 days
> from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the
> term of imprisonment (and may impose a term of
> probation or supervised release with or without
> conditions that does not exceed the unserved portion of
> the original term of imprisonment), after considering the
> factors set forth in section 3553(a) to the extent that they
> are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a
> reduction . . . and that such a reduction is consistent
> with applicable policy statements issued by the
> Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Seventh Circuit has held that the exhaustion requirement

of 18 U.S.C. § 3582(c)(1)(A) "is a mandatory, claim-processing rule

and therefore must be enforced when properly invoked." United

States v. Sanford, No. 20-2445, 2021 WL 236622, at *3 (7th Cir.

2021).

In this case, Defendant submitted a request for compassionate

release to the warden of FCI Pekin on August 30, 2020.  See d/e 82,

p. 1.  On September 1, 2020, Defendant's request was denied.  Id.; d/e 75, p. 22.  Further, the Government did not argue that Defendant failed to exhaust his administrative remedies.  See Response, d/e 83.  Therefore, the Court finds that Defendant has met the exhaustion requirement found in 18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant is not entitled to a reduction in his term of imprisonment.

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation.  Social distancing can be difficult for individuals living in a prison.

Defendant argues that the presence of the disease at his facility warrants immediate release.  While the Court recognizes that COVID-19 has infected his current facility, FCI Pekin, the COVID-19 pandemic alone does not constitute "extraordinary and compelling reasons" warranting a reduction in his term of

imprisonment.  As of April 21, 2021, the facility currently has no inmates and 12 staff members with COVID-19.  Id.  The facility has had 757 inmates and 72 staff members recover from the disease. Id.  FCI Pekin is not experiencing a serious outbreak of COVID-19 at this time.

Defendant also argues that if he contracts COVID-19, he will be at a higher risk of contracting serious complications or death due to his underlying health conditions.  Defendant is a 33-year-old male arguing that he suffers from migraines, high blood pressure, anxiety, and depression and is obese and a former smoker.  See d/e 75, p. 1.  The medical records show that Defendant has had high blood pressure readings, but hypertension or high blood pressure is not listed as a current condition, his late 2020 readings were lower, and he is not taking high blood pressure medication. See d/e 80, p. 44-45.  The medical records also show that Defendant is currently suffering from anxiety disorder, migraines, gingival recession, gastro-esophageal reflex disease without esophagitis, low back pain, neuralgia and neuritis, and "quarantine – asymptomatic person in quarantine."  Id. at p. 65.  Defendant was diagnosed with COVID-19 on November 30, 2020, and he was

deemed recovered on December 14, 2020.  Id.  Defendant is also

obese as he is 253 pounds and 73 inches tall, which results in a

BMI of 33.4.  Id. at 18, 90; Adult BMI Calculator, CDC,

https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/eng

lish_bmi_calculator/bmi_calculator.html (last accessed April 21,

2021).

The CDC advises that being obese places Defendant at a

higher risk of serious illness or death if he contracts COVID-19.

People with Certain Medical Conditions, CDC,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical-

conditions.html#MedicalConditionsAdults (last accessed April 21,

2021) ("Overweight (defined as a body mass index (BMI) > 25 kg/m2

but < 30 kg/m2), obesity (BMI ≥30 kg/m2 but < 40 kg/m2), or

severe obesity (BMI of ≥40 kg/m2), can make you more likely to get

severely ill from COVID-19.  The risk of severe COVID-19 illness

increases sharply with elevated BMI.").  The Government concedes

that Defendant "has established that extraordinary and compelling

circumstance exist for this Court to consider the defendant's

release."  See Response, d/e 83, p. 3.

However, the Court must also reconsider the 3553(a) factors. Defendant has over nine years remaining on his sentence as he has a projected release date of June 25, 2030. While committing the underlying offense, Defendant used cryptocurrency and the dark web to purchase methamphetamine and recruit others to participate in his distribution. Moreover, BOP classifies Defendant as having a high risk of recidivism. Defendant proposes being released to his parent's residence. This is the same residence where Defendant was living when he committed the underlying offenses. The Court finds that the proposed release place is not acceptable and that Defendant remains a danger to the community if released. Based on a reconsideration of the 3553(a) factors and the nature and circumstances of the offense, the Court finds that Defendant is not entitled to compassionate release.

### III. CONCLUSION

For those reasons, Defendant Staake's pro se motion (d/e 75) and amended motion for compassionate release (d/e 82) are DENIED.

ENTERED:  April 21, 2021

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE