IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 17-30063 |
| JUSTIN STAAKE, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Justin Staake's pro se Motion for Compassionate Release (d/e 92), in which Defendant requests a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) and (c)(2). Defendant has failed to exhaust his administrative remedies. Therefore, Defendant's Motion (d/e 92) is DENIED.

## I.    BACKGROUND

On November 1, 2019, Defendant Justin Staake was sentenced to 180 months on two counts of distribution of 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Counts 1s and 2s), to run concurrently with

each other.  See d/e 70.  Defendant was also sentenced to 10 years of mandatory supervised release on each of Counts 1s and 2s, to run concurrently.  Id.

On March 19, 2021, Defendant filed a pro se Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c).  See d/e 75.  On April 7, 2021, appointed counsel filed an Amended Motion for Compassionate Release.  See d/e 82.  On April 14, 2021, the Untied States filed its response.  See d/e 83.  On April 22, 2021, the Court denied Defendant's Motions.  See d/e 84.  On February 7, 2022, Defendant filed a Second Motion for Compassionate Release.  See d/e 86.  Defendant subsequently filed a Motion to Withdraw his Second Motion for Compassionate Release.  See d/e 90.  On March 3, 2022, the Court granted Defendant's Motion to Withdraw.  See Text Order dated March 3, 2022.

On February 14, 2024, Defendant filed a new pro se Motion for Compassionate Release.  See d/e 92.  On April 29, 2024, the Government filed a Response in opposition to Defendant's Motion.  See d/e 94.

## II.  LEGAL STANDARD

The Court is generally statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), allows an inmate to file a motion for compassionate release with the Court after exhausting certain administrative remedies. The statute provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).  "Only after finding an extraordinary and compelling reason for release need the [Court], as part of 'exercising the discretion conferred by the compassionate release statute, . . . consider any applicable sentencing factors in § 3553(a).'"  United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (quoting United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021)).

### III.  ANALYSIS

A defendant's motion for compassionate release may be granted only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).  Moreover, "in order properly to exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau [of Prisons] as in a motion to the court."  United States v. Williams, 987 F.3d 700, 703 (7th Cir. 2021).  The exhaustion requirement is mandatory and must be enforced if invoked by the government.  United States v. Sanford, 986 F.3d 779, 782 (7th Cir.

2021). The Government asserts that the Bureau of Prisons has no record of a request for compassionate release. d/e 94.

Defendant did not exhaust his administrative remedies when he filed his motion. In <u>United States v. Sullivan</u>, the Northern District Court of Illinois drew an inference based on Sullivan's supplemental submissions that he exhausted his administrative remedies. No. 10 CR 821-2, 2021 WL 698497, at *5 (N.D. Ill. Feb. 23, 2021). There, Sullivan filed a letter stating that he was appealing the warden's denial of "home confinement through compassionate release," explicitly referring to compassionate release. <u>Id.</u> at *3. Sullivan also submitted to the Bureau of Prisons an informal resolution attempt referring to compassionate release and citing the compassionate release statute. <u>Id.</u> The Administrative Remedy Coordinator denied his informal resolution attempt with a subject line reading "REDUCTION-IN-SENTENCE REQUEST," demonstrating that the Coordinator also viewed the appeal as involving a request for compassionate release. <u>Id.</u> at *4. Sullivan again filed another informal resolution attempt explicitly referring to compassionate release. <u>Id.</u> The Court found that, taken together, the documentation showed that both Sullivan and the

Bureau of Prisons viewed his request as an attempt to seek compassionate release.  Id.

Defendant Staake's situation is distinguishable from Sullivan's.  In support of Defendant's request, he includes an informal resolution form and narrative that complains about medical indifference in violation of the Eighth Amendment and requests relief of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).  d/e 92, Ex. A.  Defendant further requests that his new sentence be served in home confinement.  Id.  The Court finds that Defendant's Exhibit A does not sufficiently support a request for compassionate relief, but rather reads as a lawsuit alleging medical neglect.  Unlike the defendant in Sullivan who provided documentation of multiple requests for compassionate release, Defendant here provides only one exhibit that focuses on an Eighth Amendment violation of medical indifference.  Further, while Defendant does identify the compassionate release statute as a requested remedy, in Sullivan, the defendant included documentation indicating that that the Bureau of Prisons had so construed his request for compassionate release.

Moreover, even assuming that Defendant properly submitted a request for compassionate release to the warden, Defendant's motion is premature.  On or around February 14, 2024, Defendant tried to informally resolve his request for the Bureau of Prisons to move for his compassionate release, the first step in the administrative remedy process.  See d/e 92, Exhibit A.  Defendant submitted his Motion for Compassionate Release via mail on or about February 15, 2024, well before 30 days could have passed from his request to the Bureau of Prisons.  Id. at p. 10.  Defendant clearly filed his Motion for Compassionate Release before completing either of the methods for exhaustion listed in the First Step Act, so his motion is premature.

## IV.   CONCLUSION

For the reasons set forth above, Defendant Justin Staake's pro se Motion for Compassionate Release (d/e 92) is DENIED. Defendant may file another motion after fully exhausting all administrative rights to appeal a failure of the BOP to bring a motion or the lapse of 30 days from the date the warden received his request, whichever is earlier.

**IT IS SO ORDERED.**
**ENTERED:  May 1, 2024**
**FOR THE COURT:**

                                            */s/ Sue E. Myerscough*
                                            **SUE E. MYERSCOUGH**
                                            **UNITED STATES DISTRICT JUDGE**