IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-30063 |
| ) | |
| JUSTIN STAAKE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Justin Staake's pro se Amended Motion for Compassionate Release (d/e 98) in which Defendant requests a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant has not shown an extraordinary and compelling reason for compassionate release and considering the sentencing factors in 18 U.S.C. § 3553(a), Defendant has not shown that such a reduction is warranted. Therefore, Defendant's Motion (d/e 98) is DENIED.

## I.   BACKGROUND

On November 1, 2019, Defendant Justin Staake was sentenced to 180 months for distribution of 50 grams or more of

methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Counts 1s and 2s), to run concurrently.  See d/e 69.  Defendant also received 10 years of supervised release on each of Counts 1s and 2s, to run concurrently.  Id.

On March 19, 2021, Defendant filed his first pro se Motion for Compassionate Release (d/e 75).  On April 12, 2021, Defendant's counsel filed an Amended Motion for Compassionate Release (d/e 83).  On April 22, 2021, the Court denied Defendant's pro se motion and amended motion for compassionate release (d/e 84).

On February 7, 2022, Defendant filed his second pro se Motion for Compassionate Release (d/e 86).  On February 25, 2022, Defendant filed a Motion to Withdraw his Motion for Compassionate Release (d/e 90).  On March 3, 2022, the Court granted Defendant's Motion to Withdraw and struck Defendant's second pro se Motion for Compassionate Release.  See March 3, 2022 Text Order.

On February 20, 2024, Defendant filed his third pro se Motion for Compassionate Release (d/e 92).  On May 1, 2024, the Court denied Defendant's motion (d/e 95) for failure to exhaust administrative remedies.

On June 14, 2024, Defendant filed a pro se Amended Motion for Compassionate Release (d/e 98). On July 26, 2024, the Government filed a Response (d/e 100) in opposition to Defendant's motion. On September 6, 2024, Defendant filed his Reply (d/e 104).

## II.   LEGAL STANDARD

The Court is generally statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), allows an inmate to file a motion for compassionate release with the Court after exhausting certain administrative remedies. The statute provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment

> (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). Defendant "bears the burden of establishing extraordinary and compelling circumstances." United States v. Barbee, 25 F.4th 531, 532 (7th Cir. 2022). "Only after finding an extraordinary and compelling reason for release need the [Court], as part of 'exercising the discretion conferred by the compassionate release statute, . . . consider any applicable sentencing factors in § 3553(a).'" United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (quoting United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021)).

### III.   ANALYSIS

Defendant argues that the Government has misconstrued his motion as a motion for compassionate release, when he instead seeks a sentence reduction. See d/e 104, p. 7. However, the Court

advises Defendant that the relief that he seeks, a reduction in his sentence, is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), which Defendant himself acknowledges. Id. 18 U.S.C. § 3582(c)(1)(A) permits the Court to modify a term of imprisonment under compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A). As a result, the Court proceeds to analyze Defendant's motion as a motion for compassionate release.

The Government does not dispute that Defendant's motion is properly before the Court because Defendant has exhausted his administrative remedies under § 3582(c)(1)(A). See d/e 100, p. 7; Ex. D. Defendant's motion asks the Court to order his release under § 3582(c)(1)(A), because of: (1) medical neglect and inadequate care for his medical conditions; (2) his mother's incapacitation and his role as her only available caregiver; (3) his 10 year term of supervised release is in violation of 21 U.S.C. § 851(a)(2); (4) his unusually long sentence; (5) the retroactive changes made by Amendment 821; and (6) rehabilitation. See d/e 98, 104. The dispute here, then, concerns whether Defendant has presented extraordinary and compelling reasons warranting compassionate release.

As an initial matter, Defendant wrongfully claims that "Section 404 of the First Step Act does not prohibit district courts from considering any arguments in favor or against sentence modification." d/e 104, p. 17. To the extent that Defendant argues that the Court has unlimited discretion to grant compassionate release, Defendant is incorrect. The proper consideration of a motion for compassionate release proceeds in two steps. At step one, a defendant must identify "an 'extraordinary and compelling' reason warranting a sentence reduction." United States v. Peoples, 41 F.4th 837, 840 (7th Cir. 2022) (citation omitted). It is only after Defendant identifies such a reason that the Court may proceed to the second step and "exercise the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." Id. The Court may use its discretion only after Defendant has demonstrated an "extraordinary and compelling" reason for a sentence reduction. The Court addresses each of Defendant's alleged reasons below.

**A. Medical Issues**

Defendant argues that there are extraordinary and compelling reasons given his health conditions that requires specialized medical care. See U.S.S.G. § 1B1.13(b)(1)(C) ("The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."). Defendant alleges he suffers from serious physical or medical conditions, including: obesity, high blood pressure, hypertension, anxiety, depression, chronic back pain, and cellulitis. d/e 98, p. 16.

However, Defendant's medical records indicate that he is receiving specialized medical care and is not at risk of deterioration in health or death. See d/e 100, Ex. A. Defendant's medical records indicate that his health conditions are being monitored and managed. In fact, Defendant's medical records show that his cellulitis has been in remission since March 8, 2024. See d/e 100, Ex. A at 14.

Furthermore, Defendant opines about the lack of qualified mental health care staff members and the lack of proper drug treatment he has received in the Bureau of Prisons. See d/e 104, p.

10. Defendant cites to United States v. Beck for the proposition that Bureau of Prison's "improper treatment, or lack thereof" constitutes an extraordinary and compelling reason. d/e 98, pp. 17–18. However, Beck, a case from the Middle District of North Carolina, does not bind this Court. 425 F. Supp. 3d 573 (M.D.N.C. 2019). Moreover, Defendant Beck had invasive breast cancer and provided documentation of the Bureau of Prison's delays to schedule oncology appointments, disregarding her surgeon's directives. Id. at 581. Here, Defendant's medical records show that the Bureau of Prisons is treating Defendant for his conditions in a responsive manner. See d/e 100, Ex. A.

Furthermore, to the extent that Defendant alleges inadequate medical care, inadequate medical care on its own does not constitute a compelling and extraordinary reason that warrants a sentence reduction. See United States v. Ward, No. 09 CR 687-3, 2023 WL 5004408, at *4 (N.D. Ill. June 22, 2023). A motion for compassionate release is also not the correct vehicle for such a challenge. See United States v. Bridgewater, 995 F.3d 591, 599 (7th Cir. 2021) (noting that a federally incarcerated person may instead "still directly challenge any inadequate medical care he

receives"). Defendant's complaints about "medical neglect" and "medical deliberate indifference" in violation of the Eighth Amendment reads as a lawsuit alleging medical neglect, not a request for compassionate release. d/e 98, p. 13.

Based on the foregoing, the Court does not find that Defendant's health conditions are an extraordinary and compelling reason for sentence reduction, whether considered alone or together with any other reason.

**B. Incapacitated Parent**

Defendant argues that his need to care for his mother is an extraordinary and compelling reason for compassionate release. An extraordinary and compelling reason for compassionate release exists upon "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Courts examine: (1) the parent's incapacitation; and (2) the defendant being the only available caregiver. United States v. Villar, No. 16 CR 340, 2024 WL 2939018, at *3 (June 11, 2024).

Defendant argues that his mother suffers from chronic obstructive pulmonary disease (COPD), has the symptoms of lung

cancer, requires nebulizer treatments and oxygen on a regular basis, has a neurological condition, and that he is the only available caregiver.  d/e 98, pp. 14–15.  To prove his mother's incapacitation, Defendant submitted forms containing his mother's information titled "Physician's Statement for the Homestead Exemption for Persons with Disabilities" and "Persons with Disabilities Certification for Parking Placard" as well as, presumably, a photograph of his mother's parking placard.  d/e 104, pp. 26–29.  However, such documentation does not contain a doctor's attestation to Defendant's mother's incapacitation.  See Villar, 2024 WL 2939018, at *4 (finding insufficient evidence in the record that defendant's parent's incapacitation because their doctors failed to opine about their limitations).  As a result, the record does not support finding that Defendant's mother is incapacitated.

Additionally, Defendant fails to show that he is the only available caregiver for his mother.  Defendant asserts that his stepfather is unable to be a caregiver because his stepfather is "too old, has had back surgery issues, severe diabetes, cannot lift anything let alone carry his mother to the bathroom when necessary, and he has to work as well, to meet living expenses."

d/e 104, p. 21.  However, Defendant fails to submit any medical documentation or doctor's opinion that demonstrates that his stepfather is incapable of caring for Defendant's mother.

While the Court acknowledges the difficulties faced by Defendant and his family, the Court does not find that these circumstances constitute extraordinary and compelling reasons for release.  Based on the foregoing, the Court does not find that Defendant's need to care for his mother is an extraordinary and compelling reason for sentence reduction, whether considered alone or together with any other reason.

### C. Supervised Release Term

Defendant argues that there exists an extraordinary and compelling reason because his 10 year term of supervised release is in violation of 21 U.S.C. § 851(a)(2), which provides that "[a]n information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed."  21 U.S.C. § 851(a)(2).

On January 3, 2018, a two-Count Superseding Indictment was filed against Defendant, charging him with two Counts of distribution of 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  See d/e 15.  On November 8, 2018, the Government filed an Information Charging Prior Offenses, providing notice, pursuant to 21 U.S.C. § 851, noting that Defendant had a prior felony drug conviction for Methamphetamine Manufacturing, Morgan County, Illinois, Circuit Court, Case No. 2013-CF-29.  See d/e 39.

21 U.S.C. § 851(a)(2) does not apply to Defendant.  The term "offense" in § 851(a)(2) refers to the current offense, not the prior conviction.  United States v. Burrell, 963 F.2d 976, 992 (7th Cir. 1992).  Here, Defendant was properly indicted in the Central District of Illinois for the offenses for which he is currently serving a term of imprisonment.  See d/e 15.  Pursuant to statute, the Court was required to impose a term of supervised release of at least 10 years for the offenses of distribution of 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  21 U.S.C. § 841(b)(1)(A).

Based on the foregoing, the Court does not find that

Defendant's supervised release term is an extraordinary and compelling reason for sentence reduction, whether considered alone or together with any other reason.

### D. Unusually Long Term of Imprisonment

Defendant also argues that an extraordinary and compelling reason exists because of his unusually long sentence relative to current law. See d/e 104, pp. 14–15. Section 1B1.13(b)(6) provides:

> Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Section 1B1.13(b)(6) does not apply to Defendant. Defendant was sentenced on November 1, 2019, and has not yet served at least 10 years of his term of imprisonment. See d/e 69. Based on the foregoing, the Court does not find that

Defendant's alleged unusually long term of imprisonment is an extraordinary and compelling reason for sentence reduction, whether considered alone or together with any other reason.

### E. Retroactive Change Amendment 821

Defendant also argues that the retroactive changes in Amendment 821 "qualifies him for [a] 2-level reduction which automatically reduces his criminal history points." d/e 98, pp. 18, 22. Although this argument is distinct from the "extraordinary and compelling reason" for compassionate release that the Court would consider pursuant to 18 U.S.C. § 3582(c)(1)(A), and should be brought under a motion to reduce sentence pursuant to 18 U.S.C. § 3582 (c)(2), the Court addresses Defendant's argument.

A defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) if he has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Amendment 821 to the Guidelines implemented two retroactive changes. The first addressed "status points" under U.S.S.G. § 4A1.1(d). The Court reviewed Defendant's Revised Presentence Investigation Report and determined that Defendant did receive status points under Section

4A1.1(d). d/e 63, ¶ 51. The status points resulted in the Defendant's criminal history score increasing from 15 points to 17 points and rendered him a criminal history category VI. Id. at ¶¶ 50–52. Because Defendant had 15 criminal history points prior to the application of Section 4A1.1(d), he is still assessed one criminal history point under the new Section 4A1.1(e). See U.S.S.G. 4A1.1(e). The removal of one criminal history point leaves the Defendant with 16 criminal history points. See d/e 63, ¶ 52. Thus, Defendant's Guideline range has not been lowered by Amendment 821 because with 16 criminal history points, he remains a criminal history category VI. See U.S.S.G. Ch. 5, Pt. A – Sentencing Table.

Amendment 821 also provided for a two-point reduction from a defendant's base offense level for certain "zero-point offenders." To qualify as a "zero-point offender," a defendant must meet a list of qualifications. See U.S.S.G. § 4C1.1. Among those qualifications is the requirement that the defendant did not receive any criminal history points from Chapter Four, Part A of the Guidelines. See U.S.S.G. § 4C1.1(a)(1). The Defendant received 15 criminal history points in his PSR. See d/e 63, ¶ 50. He therefore is not a "zero-point offender" as that term is defined in the Guidelines.

Accordingly, Amendment 821 does not lower the Defendant's sentencing guideline range, rendering him ineligible to seek a reduced sentence. 18 U.S.C. § 3582(c)(2).

### F. Rehabilitation

Finally, Defendant argues that his rehabilitation supports his compassionate release. See Peoples, 41 F.4th at 842 (successful rehabilitation may be considered among other factors warranting a reduced sentence). The Court commends Defendant for using his HVAC-R technician skills to assist the Bureau of Prisons. However, pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for compassionate release. See U.S.S.G. § 1B1.13(d). Instead, rehabilitation may be considered in combination with other circumstances in determining whether a reduction is warranted. Id. Because the Court did not find that any other reason Defendant listed to be an extraordinary and compelling reason for sentence reduction, the Court does not find that rehabilitation supports a finding that reduction is warranted.

### G. Section 3553(a) Factors

For the reasons discussed, Defendant does not demonstrate an extraordinary and compelling reason for sentence reduction. However, even if Defendant did show an extraordinary and compelling reason supporting release, the Court must next consider whether a reduction in Defendant's sentence is warranted and "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). After considering the factors set forth in 18 U.S.C. § 3553(a),[1] the Court finds that a reduction in Defendant's term of imprisonment is not warranted.

The "nature and seriousness" of the offenses for which Defendant was convicted of—distribution of methamphetamine—militate strongly against an early release. See 18 U.S.C. § 3553(a)(1). In committing the offense for which he is currently imprisoned, Defendant distributed more than 4 ½ kilograms of "Ice" methamphetamine. Defendant clearly knew about the illicit nature of his actions—he attempted to hide his unlawful conduct by using the dark web and bitcoin to conceal his purchases of

---

[1] The applicable policy statement issued by the Sentencing Commission—the U.S. Sentencing Guidelines Manual—state that a court should "consider[] the factors set forth in 18 U.S.C. § 3553(a)." U.S.S.G. § 1B1.13.

methamphetamine and used proxies to retrieve and store methamphetamine on his behalf. While the nature of Defendant's crime was not violent, Defendant actively contributed to the drug epidemic and harmed his community.

Moreover, Defendant has a long history of criminality, consisting of three felony and three misdemeanor convictions during an eight-year period. Of note is Defendant's previous state conviction for the manufacture of methamphetamine, for which he served a 6-year sentence. See d/e 63, ¶ 49. After Defendant's release from the Illinois Department of Corrections, while Defendant was on parole, he began distributing the methamphetamine that resulted in the instant federal conviction. Despite Defendant's past imprisonment for methamphetamine, Defendant remained undeterred by the consequences. The Court is concerned by the pattern of criminal behavior that Defendant has demonstrated.

Additionally, since his time in the Bureau of Prisons, he has been disciplined for the possession of drugs/alcohol and for the sue of drugs/alcohol. See d/e 100, Ex. C. The Bureau of Prisons has also given Defendant a high-risk recidivism level as of March 8, 2024. See d/e 100, Ex. B.

The Court finds that a reduced sentence in this case would not sufficiently "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). The Court also finds that a significantly reduced sentence would not "promote respect for the law," "provide just punishment for the offense," or provide adequate deterrence to criminal conduct like Defendant's. See id.

### IV. CONCLUSION

For the reasons set forth above, Defendant Justin Staake's pro se Motion for Compassionate Release (d/e 98) is DENIED.

**IT IS SO ORDERED.**
**ENTERED: September 13, 2024**
**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**