E-FILED
Wednesday, 06 May, 2026  03:03:34 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-30063** |
| | ) | |
| **JUSTIN STAAKE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>OPINION AND ORDER</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Justin Staake's Motion for Compassionate Release (d/e 108), in which he requests a reduction in sentence, or such other relief as the Court deems just, pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. On April 22, 2026, the Government filed its Response to Defendant's Motion for Compassionate Release (d/e 114). Because the Defendant has not shown an extraordinary and compelling reason warranting a reduction of his sentence, the Defendant's Motion (d/e 108) is DENIED.

Page **1** of **13**

## I.    BACKGROUND

On October 3, 2017, a two-count Indictment (d/e 10) was filed against the Defendant. The two counts charged the Defendant with distribution of 50 or more grams of methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(A). See id. On January 3, 2018, a two-count Superseding Indictment (d/e 15) was filed against the Defendant. The two superseding counts remained as previously charged, however, a Forfeiture Allegation was added. See id.

On November 20, 2018, the Defendant made an open plea of guilty as to both counts of the Superseding Indictment before U.S. Magistrate Judge Tom Schanzle-Haskins. See November 20, 2018 Minute Entry. Judge Schanzle-Haskins entered a Report and Recommendations on Plea of Guilty (d/e 43) recommending that the Court accept the Defendant's plea of guilty. On December 7, 2018, this Court adopted the Report and Recommendations (d/e 43), accepted the open plea of guilty, and adjudged the Defendant guilty as to Counts 1 and 2 of the Superseding Indictment. See December 7, 2018 Text Order.

On November 1, 2019, the Defendant was sentenced to 180 months' imprisonment for distribution of 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) on Counts 1s and 2s, to run concurrently. See Judgment (d/e 69). In addition, the Defendant received a 10-year term of supervised release on each of Counts 1s and 2s, to run concurrently. Id.

On March 19, 2021, the Defendant filed his first pro se Motion for Compassionate Release (d/e 75). On April 12, 2021, the Defendant's counsel of record filed an Amended Motion for Compassionate Release (d/e 82). On April 22, 2021, the Court denied both the pro se Motion (d/e 75) and the Amended Motion (d/e 82). See Order (d/e 84).

On February 7, 2022, the Defendant filed his second pro se Motion for Compassionate Release (d/e 86). On February 25, 2022, the Defendant filed a Motion to Withdraw his Motion for Compassionate Release (d/e 90). On March 3, 2022, the Court granted the Defendant's Motion to Withdraw (d/e 90) and struck

the Defendant's second pro se Motion for Compassionate Release (d/e 86). See March 3, 2022 Text Order.

On February 20, 2024, the Defendant filed his third pro se Motion for Compassionate Release (d/e 92). On May 1, 2024, the Court denied the Defendant's Motion (d/e 92) for failure to exhaust administrative remedies. See Opinion and Order (d/e 95).

On July 3, 2024, the Defendant filed a pro se Amended Motion for Compassionate Release (d/e 98). On September 13, 2024, the Court denied the Defendant's Motion (d/e 98) because the Defendant had failed to exhaust his administrative remedies. See Opinion and Order d/e 105.

On April 7, 2026, the Defendant filed the pending pro se Motion for Compassionate Release (d/e 108). The Defendant is detained at FCI Gilmer in the custody of the Bureau of Prisons ("BOP"). See id. The Defendant's Motion requests compassionate release due to: (1) "Extraordinary and Compelling Care Need of Father" and (2) "Extraordinary and Compelling Untreated Health Conditions[.]" Id. at p. 17. On April 22, 2026, the Government filed a Response (d/e 114) opposing the Defendant's Motion (d/e 108).

## II.    LEGAL STANDARD

A court is generally statutorily prohibited from modifying a term of imprisonment once it has been imposed. <u>See</u> 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. <u>See</u> 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), allows an inmate to file a motion for compassionate release with the Court after exhausting certain administrative remedies. The statute provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Pursuant to United States Sentencing Guideline § 1B1.13, extraordinary and compelling reasons include the defendant "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death" and "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. §§ 1B1.13(b)(1)(C) and (b)(3)(C).

"Only after finding an extraordinary and compelling reason for release need the [Court], as part of 'exercising the discretion conferred by the compassionate release statute, . . . consider any applicable sentencing factors in § 3553(a).'" United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (quoting United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021)).

## III.  ANALYSIS

As an initial matter, the Government concedes that the Defendant has met the exhaustion requirement under Section 3582(c). See d/e 114, p. 7. Therefore, the Court will proceed on the merits of the Defendant's Motion for Compassionate Release (d/e 108)—specifically, whether the Defendant has presented extraordinary and compelling reasons warranting compassionate release and a reduction in sentence.

### A.  The Defendant's Need to Care for His Father's Medical Conditions is Not an Extraordinary and Compelling Reason Warranting Compassionate Release.

The Defendant states that his father suffers from severe chronic obstructive pulmonary disease, other acute pulmonary conditions, serious diabetes, and heart disease. See d/e 108, p. 17. The Defendant goes on to state that his father is in "immediate urgent need" of "in-home, possibly full-time, care" and that the Defendant is "the only family member available to provide this care." Id.

However, the Defendant does not allege, and the Court therefore cannot determine, that he is "the only available caregiver

for" his father as required by United States Sentencing Guideline § 1B1.13(b)(3)(C). See, e.g., United States v. Nishida, No. CR 19-00025, 2023 WL 7222875, at *3 (D. Haw. Nov. 2, 2023) ("[T]here is no explanation as to whether household members, friends in the community, or relatives other than [Defendant Nishida's] siblings and father would have the time, money, and resources to help with his mother's care… [Defendant Nishida] also provides insufficient detail about why his remaining siblings cannot help their mother, about the financial constraints that bar outside caregiving, or about whether Medicare, Medicaid, or other county, state, or federal programs can provide assistance.").

The Defendant also does not provide any supporting documentation regarding his father's medical conditions. Therefore, while the Court does not consider the declining health of a parent lightly, the Court finds that the Defendant does not sufficiently establish his father's health to be an extraordinary and compelling reason for compassionate release as alleged.

**B. The Defendant's Allegedly Untreated Health Conditions Are Not Extraordinary and Compelling Reasons Warranting Compassionate Release.**

The Defendant also states that he suffers from deep vein thrombosis, cellulitis, hypertension, anxiety, depression, and chronic back pain and that BOP's inability "to responsibly treat" his conditions create an "extraordinary and compelling reason for sentence modification." d/e 108, pp. 17, 47. The Defendant alleges that "[t]he frequency of [his] emergency multi-day hospital [stays] has increased" and that BOP has "refus[ed] to provide medical devices" and operates "delayed service protocols." Id. at p. 17.

However, the Court has reviewed the Defendant's medical records and notes that, while the Defendant suffers from medical conditions including deep vein thrombosis in his right leg and cellulitis, he is receiving consistent medical care to treat these issues. The Defendant has required medical care outside of a prison facility on at least two occasions: May 8-12, 2025, see id. at p. 32-47, and December 19, 2025, see id. at pp. 29-31. According to the Defendant's medical records, BOP has sought additional care for the Defendant's medical conditions, see id. at pp. 29-47—the course of action the Defendant would seek were he not incarcerated. The Defendant has not shown any deterioration in his condition,

Page **9** of **13**

whether stemming from BOP's alleged failure to treat him properly or otherwise, which could be described as an extraordinary and compelling reason warranting a reduction of his sentence. Therefore, the Court finds that the Defendant does not sufficiently establish his medical health conditions to be an extraordinary and compelling reason for compassionate release as alleged.

Having considered the relevant factors set forth in 18 U.S.C. § 3582(c)(1)(A), the Court concludes that the Defendant has not established any extraordinary and compelling reasons to warrant a reduction in his term of imprisonment. To the extent the Defendant believes any of his treatment rises to the level of deliberate indifference, and, therefore, a constitutional violation, 42 U.S.C. § 1983 allows an individual in custody a remedy for such actions.

### C. The Defendant's Alleged Additional Considerations Are Not Extraordinary and Compelling Reasons Warranting Compassionate Release.

The Defendant also states that his son's biological mother and her new husband are seeking to terminate the Defendant's parental rights and that a hearing has been set in this family matter. See d/e 108, p. 18. However, the status of a defendant's parental rights

is not an extraordinary and compelling reason for the Court to consider regarding possible early termination. <u>See</u> U.S.S.G. § 1B1.13.

The Defendant also requests appointment of counsel. <u>See</u> d/e 108, p. 18. As the Defendant is at the post-conviction stage of his criminal case, he does not have a right to counsel. <u>See</u> <u>Garza v. Idaho</u>, 586 U.S. 232, 245-46 (2019) ("There is no right to counsel in postconviction proceedings[.]") (citing <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987)). The Court notes that the Defendant has filed several pleadings in his case and demonstrated that he is quite capable of presenting issues for consideration by this Court.

The Court commends the Defendant for his accomplishments during his incarceration and encourages him to continue to advance his education and workforce skills. The Defendant's choice to better himself will go forward with him throughout his life and benefit him upon his release from imprisonment.

However, the Defendant has a long criminal history, <u>see</u> d/e 63, pp. 9-14, and, as of at least March 4, 2026, BOP has determined the Defendant's risk of recidivism is medium. <u>See</u> d/e

108, pp. 20, 22. Remaining in the custody of the BOP will only reinforce the Defendant's continued rehabilitation. While the Court hopes for the best as to the Defendant's health and rehabilitation, the Court cannot allow the Defendant's early release or any reduction of his sentence as he does not meet the necessary criteria.

The Court also finds that a reduced sentence, decreasing the Defendant's term of incarceration, would not sufficiently "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). The Court finds that a reduced sentence would not "promote respect for the law," or "provide just punishment for the offense." Id. In addition, a reduction would not provide adequate deterrence to criminal conduct of the Defendant.

## IV.   CONCLUSION

After reviewing the Defendant's Motion for Compassionate Release (d/e 108), the Government's Response (d/e 114), and the Defendant's medical records, the Court finds that the Defendant has not demonstrated an extraordinary and compelling reason for release. Therefore, for the reasons set forth above, Defendant Justin

Staake's Motion for Compassionate Release (d/e 108) is DENIED.

The Defendant's Motion for Clarification of Order (d/e 115), which

requests consideration of the Defendant's Motion for

Compassionate Release (d/e 108), is DENIED as MOOT.


**IT IS SO ORDERED.**
**ENTERED: May 6, 2026**
**FOR THE COURT:**

s/ Sue E. Myerscough

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**